# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

# JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE #:   3:13-00086 |
|   V. | USM #:    21585-075 |
| **CHRISTOPHER TROY SULLIVAN** | Isaiah S. Gant |
| | DEFENDANT'S ATTORNEY |

**THE DEFENDANT:**

[X] pleaded guilty to count  of the Indictment.
[] pleaded nolo contendere to count(s) which was accepted by the court.
[] was found guilty on count(s) after a plea of not guilty.

Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2)(A) and § 2252A(b) | Distribution and Attempted Distribution of Child Pornography | January 2011 | 1 |

The defendant is sentenced as provided in this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on count(s) , and is discharged as to such counts.
[X] Count 2 of the Indictment is dismissed as to this defendant on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States District Court and the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

October 30, 2014
Date of Imposition of Judgment

_____
Signature of Judge

Aleta A. Trauger, U.S. District Judge
Name & Title of Judge

Date Signed: November 4, 2014

DEFENDANT: CHRISTOPHER TROY SULLIVAN
CASE NUMBER: 3:13-00086

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 180 months.

The defendant was advised of his right to appeal.

The Court makes the following recommendations to the Bureau of Prisons:
1. That defendant be housed in the federal facility at Lexington, Kentucky.

[X] The defendant is remanded to the custody of the United States Marshal.
[] The defendant shall surrender to the United States Marshal for this district,

    [] at   a.m. p.m. on
    [] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    [] before 2 p.m. on .
    [] as notified by the United States Marshal.
    [] as notified by the Pretrial Services or Probation Office.

# R E T U R N

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____,

with a certified copy of this judgment.

    _____
    United States Marshal

    By _____
    Deputy Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 10 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.

- [] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, destructive device, or any dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)
- [] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (as set forth below). The defendant shall also comply with any additional, special conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may by occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

# SUPERVISED RELEASE
# SPECIAL CONDITIONS

1. The defendant is prohibited from owning, carrying, or possessing firearms, destructive devices, or other dangerous weapons.

2. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Office.

   **Sex Offender Treatment**
3. The defendant shall participate in sex offender assessment and treatment, including but not limited to polygraph examinations recommended by the treatment provider and as directed by the probation officer. The defendant shall contribute to the cost determined by the U.S. Probation Office.

   **Restricted Contact with Minors**
4. The defendant shall not associate with children under the age of 18 nor frequent, volunteer, or work at places where children congregate (e.g., playgrounds, parks, malls, day-care centers or schools) unless approved by the United States Probation Office.

5. The defendant shall have no contact with victim, K.H.

   **Computer Restrictions**
6. The defendant shall not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the United States Probation Office. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system.

7. The defendant shall consent to the United States Probation Office conducting unannounced examinations of the defendant's computer system(s) and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. The defendant will consent to having installed on the defendant's computer(s), any hardware/software to monitor computer use or prevent access to particular materials. The defendant will further consent to periodic inspection of any installed hardware/software to ensure it is functioning properly.

8. The defendant shall provide the United States Probation Office with accurate information about the defendant's entire computer system (hardware/software) and internal/external storage devices; all passwords used by the defendant; and will abide by all rules regarding computer use and restrictions as provided by the United States Probation Office.

   **Residence Restriction**
9. The defendant's residence and employment shall be pre-approved by the probation officer.

# SUPERVISED RELEASE
# SPECIAL CONDITIONS CONTINUED

**Sex Offender Registration**

10. The defendant shall register as a sex offender as prescribed by state and federal law.

11. The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the costs if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

12. The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

13. The defendant shall pay restitution to the victim(s) identified in the presentence report, as K.H, in an amount totaling $10,000. Payments shall be submitted to the Clerk, United States District Court, 801 Broadway, Room 800, Nashville, Tennessee 37203. Restitution is due immediately. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered. Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might affect ability to pay.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100 | $ | $10,000 |

[] The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (*AO 245C) will be entered after such determination.

[] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximate proportioned payment, unless specified otherwise in the priority order or percentage column below.  However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or % |
|---|---|---|---|
| K.H. (Victim) Victim's name and address will be provided to the Clerk. | $10,000 | $10,000 | |
| **Totals:** | **$10,000** | **$ 10,000** | |

[] Restitution amount ordered pursuant to plea agreement     $

[] The defendant must pay interest on any fine or restitution of more than $ 2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency, pursuant to 18 U.S.C. § 3612(g).

[] The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    [] The interest requirement is waived.
    [] The interest requirement is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  [x] Lump sum payment of $10,100 (special assessment and restitution) due immediately, balance due
   [] not later than _____, or
   [] in accordance with C, D, E, or F; or

**B**  [] Payment to begin immediately (may be combined with C, D, or F); or

**C**  [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____over a period of _____(e.g. months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or

**D**  [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____over a period of _____(e.g. months or years), to commence _____(e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [] Payment during the term of supervised release will commence within _____(e.g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [] Special instructions regarding the payment of criminal monetary penalties:

**Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are to be made payable to the Clerk, U.S. District Court, located at 800 U.S. Courthouse, 801 Broadway, Nashville, TN 37203.**

**The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

[] Joint and Several
   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court cost(s):

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.